IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ROBERT HOSSFELD, on behalf of himself and others similarly situated, | : : CIVIL ACTION FILE NO. 1:22-cv-261 : |
| Plaintiff, | : : |
| v. | : **COMPLAINT – CLASS ACTION** : : |
| ETN AMERICA INC. and SHLOMI COHEN | : **JURY TRIAL DEMANDED** : |
| Defendants. | : : |

Plaintiff Robert Hossfeld (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. However, the TCPA does not only restrict robocalls and this case involves a campaign by ETN America Inc. ("ETN America"), oversaw by its owner Shlomi Cohen, to market services through the use of a telemarketing campaign despite not having the requisite

consent to contact those individuals who, like the Plaintiff, were listed on the National Do Not Call Registry.

3. Because telemarketing campaigns use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of proposed nationwide Class of other persons who received similar calls.

4. A class action is the best means of obtaining redress for the Defendants' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

5. Plaintiff Robert Hossfeld is an individual citizen and resident of Texas, located in this District.

6. Defendant ETN America Inc. is a California corporation.

7. Defendant Shlomi Cohen is a resident of California.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9. This Court has personal specific jurisdiction over ETN America because it sent telemarketing calls into this District, as it did with the Plaintiff.

10. This Court has personal specific jurisdiction over Mr. Cohen because he directed ETN's telemarketing calls into this District, as it did with the Plaintiff.

11. Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendant sent the telemarketing calls at issue from this District.

## TCPA BACKGROUND

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**A.    The TCPA requires entities to have sufficient policies in place to prevent unwanted calls before making telemarketing calls.**

13. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

15. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

Individual Officer Liability under the TCPA

17. Mr. Cohen is the primary operator of ETN America and is liable for its conduct.

18. Under the TCPA, an individual such as Mr. Cohen may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, *inter alia*:

3

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*.

*See* 47 U.S.C. § 217 (emphasis added).

19. When considering individual officer liability under the TCPA, other courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA 'where they had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

20. Mr. Cohen personally participated in the actions complained of by: (a) selecting the script that was going to be used on the calling; (b) personally approving in the call center operations and (d) personally authorizing any other telemarketing conduct of ETN America.

## FACTUAL ALLEGATIONS

21. Defendant ETN America is a "person" as the term is defined by 47 U.S.C. § 153(39).

22. At no point has the Plaintiff sought out or solicited information regarding Defendant's goods and services prior to receiving the telemarketing calls at issue.

Calls to Plaintiff

23. Plaintiff Hossfeld is a "person" as defined by 47 U.S.C. § 153(39).

24. Mr. Hossfeld's telephone number, (254) 743-XXXX, is assigned to a cellular telephone service.

25. On March 25, 26, 31, 2020 and April 1, 2020, Mr. Hossfeld received telemarketing calls from ETN America.

26. Mr. Hossfeld's cellular telephone number has been registered on the National Do Not Call Registry for at least three years prior to the call.

27. Mr. Hossfeld's cellular telephone number is used for personal use.

28. Mr. Hossfeld's cellular telephone number is not associated with a business and is used for non-commercial purposes.

29. The calls were made with an ATDS, as that term is defined by the TCPA.

30. The calls were made as part of an *en masse* telemarket effort because:

   a. The calls came from a spoofed caller ID;

   b. The call was commercial in nature; and

   c. Right before the call connected with a live individual there was a distinctive "click" sound, associated with an automated dialer.

31. To identify an actual company, Mr. Hossfeld engaged with the telemarketer.

32. Home alarm goods and services were offered on the calls.

33. Vivint, Inc. later identified that ETN made the calls for it as part of a solicitation campaign.

34. Plaintiff and all members of the Class defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. The calls also occupied Plaintiff's telephone line from legitimate communication.

## CLASS ACTION ALLEGATIONS

35. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

36. Plaintiff brings this action on behalf of himself and the following Class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> **ETN America National Do Not Call Registry Class**: All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation from or on behalf of ETN America (3) as part of a solicitation campaign (4) within a 12-month period, (5) from four years prior to the filing of the Complaint.

Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

37. The Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

38. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy.

39. This Class Action Complaint seeks injunctive relief and money damages.

40. The Class as defined above are identifiable through dialer records, other phone records, and phone number databases.

41. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each of the Class.

42. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

43. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

44. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the claims predominate over questions which may affect individual class members because of the uniformity of the telemarketing conduct.

45. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) whether multiple telemarketing calls were made promoting Defendant's goods or services to members of the Class;

(b) whether the telemarketing calls at issue were made to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

46. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

47. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or their agents.

48. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**SECOND CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227(c)(5), et seq. and 47 C.F.R. § 64.1200(c))**
**on behalf of the ETN America Do Not Call Registry Class**

49. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

50. Defendant ETN America violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing calls within a 12-month period on Defendant ETN America's behalf to Plaintiff and the members of the ETN America National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

51. Defendant ETN America also violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing calls within a 12-month period on Defendant ETN America's behalf to Plaintiff and the members of the ETN America Do Not Call Class after those individuals had provided their phone number with an instruction to no longer receive calls from ETN America.

52. As a result of Defendant ETN America's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and ETN America National Do Not Call Registry Class members and ETN America Do Not Call Class members are each entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

53. Plaintiff and ETN America National Do Not Call Registry Class members and ETN America Do Not Call Class members are each entitled to an award of treble damages if ETN America' actions are found to have been knowing or willful.

54. Plaintiff and ETN America National Do Not Call Registry Class members and ETN America Do Not Call Class members are also entitled to and do seek injunctive relief prohibiting ETN America from advertising its goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from making telephone calls advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future;

B. As a result of Defendant's negligent, willful and/or knowing violations of 47 U.S.C. 227(c)(5), Plaintiff seeks for himself and each member of the Class up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

ROBERT HOSSFELD,
By his attorney

<div style="margin-left:40%">

*s/ Aaron Johnson*
Aaron Johnson
**Fair Labor Law PLLC**
314 E. Highland Mall Blvd., Suite 401
Austin, TX 78752
Phone: (512) 277-3505
ajohnson@fairlaborlaw.com

Anthony Paronich
**Paronich Law, P.C.**
350 Lincoln St, Suite 2400
Hingham, MA 02043
Phone: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com
*Subject to Pro Hac Vice*

Attorney for Plaintiffs

</div>

Dated: March 21, 2022